[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. FACTUAL AND PROCEDURAL BACKGROUND
The defendant was arrested pursuant to warrant on June 28, 2001 and was charged with one count of failure to pay wages in violation of General Statutes §§ 31-71b[1] and 31-71g.[2] The arrest warrant was signed by Judge Santos on June 25, 2001. The affiant was Regina Cavagnaro, an employee of the Connecticut Department of Labor, Wage and Workplace Standards Division.
The defendant timely filed a motion to suppress the arrest warrant application on September 6, 2001. The defendant seeks a Franks hearing on the grounds that false statements and material omissions were made in the CT Page 13468-fo application. Specifically, the defendant alleges that the affiant falsely represented that the defendant refused to pay wages; the defendant believes this is false because the wages were in dispute pursuant to General Statutes § 31-71d.[3] He also alleges that the defendant omitted in the affidavit the fact that the victim was exempt from Connecticut wage laws,
 II. DISCUSSION
"In Franks v. Delaware, [438 U.S. 154, 155-56 (1978)], the United States Supreme Court held that if a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." (Internal quotation marks omitted.) State v. Rodriguez, 223 Conn. 127, 142-43, 613 A.2d 211
(1992). "If the allegedly false statement is set aside, however, and there remains sufficient evidence to establish probable cause, a Franks
hearing is not necessary." (Internal quotation marks omitted.) State v.Pappas, 256 Conn. 854, 863, 776 A.2d 1091 (2001). "[W]e have a longstanding rule that there is an underlying presumption of validity with respect to the affidavit supporting a warrant." (Internal quotation marks omitted.) State v. Salvatore, 57 Conn. App. 396, 402, 749 A.2d 71, cert. denied, 253 Conn. 921, 755 A.2d 216 (2000). "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory. . . . There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." (Internal quotation marks omitted.)State v. Rodriguez, supra, 143.
"Cases subsequent to Franks have extended the rule to include material omissions from the affidavit." Id. "Not all omissions, however, even if intentional, will invalidate an affidavit. . . . [A]n affiant may omit facts that he believes to be either immaterial or unsubstantiated. . . . Before a defendant is entitled to a Franks hearing, he must make a substantial preliminary showing that the information was (1) omitted with the intent to make, or in reckless disregard of whether it made, the affidavit misleading to the issuing judge, and (2) material to the determination of probable cause." (Internal quotation marks omitted.).State v. Salvatore, supra, 57 Conn. App. 402.
The defendant's first argument is that the affiant characterized his actions as a refusal to pay wages when in fact those wages were in CT Page 13468-fp dispute. General Statutes § 31-71d (a) states that "[i]n case of a dispute over the amount of wages, the employer shall pay, without condition and within the time set by sections 31-71 a to 31-71i, inclusive, all wages, or parts thereof, conceded by him to be due, and the employee shall have all remedies provided by law, including those under said sections as to recovery of any balance claimed." The position of the Department of Labor is that this statute cannot be used as a shield to protect an employer from withholding wages.
According to the defendant's version of the facts, the alleged victim owes the company $481.00 for textbooks that weren't returned, $2,552.00 for wages paid from November 4, 2000 through December 12, 2000 for work that wasn't performed, and $616.00 for twenty eight hours that were padded on her time sheets at unspecified times during her period of employment. The defendant subtracted the victim's last week's wages of $440.00[4] from the $616.00 figure to arrive at a balance of $176.00 that the victim owes the company. He added this to the other figures and arrived at a total of $3,209.00 that the victim owes the company.
The defendant relies on General Statutes § 31-71d for taking this action with regard to her last paycheck. There is no caselaw to support the defendant's position, and the opinion of the Department of Labor is to the contrary. The defendant cites Shortt v. New Milford PoliceDepartment, 212 Conn. 294, 562 A.2d 7 (1989), as his authority. However, this case had nothing to do with General Statutes §§ 31-71b and 31-71g. The Court only mentioned § 31-71d as support for the holding that § 31-72, the civil wage recovery statute, does not provide "an independent substantive right to collect any and all wages to which an employee claims that he is entitled." Id. 306. The plaintiff in that case was required to exhaust his administrative remedies under the collective bargaining agreement before he could sue under § 31-72. Id. 310.
The plain language of General Statutes § 31-71d commands the employer to pay all wages conceded by him to be due. The defendant does not appear to be contesting the wages of the week in question. He is attempting to use those wages as a setoff for other unrelated monies allegedly owed the company by the victim. There does not appear to be any authority under the law for him to take such action. Therefore, the fact that the defendant feels that the wages are in dispute is irrelevant to the issue of whether or not he violated the statute in question. General Statutes § 31-71b is a strict liability crime. See State v.Merdinger, 37 Conn. App. 379, 386, 655 A.2d 1167, cert. denied,233 Conn. 914, 659 A.2d 187 (1995). As a result, the affiant in this case properly omitted the fact that the wages were allegedly in dispute as it CT Page 13468-fq was immaterial to the issue of probable cause, and the affiant did not intentionally or recklessly mislead the issuing judge. Therefore, the defendant's request for a Franks hearing on this ground is denied.
The defendant also alleges that he is entitled to a Franks hearing because the affiant omitted the fact that the alleged victim was of exempt status under Connecticut and federal law. Chapter 558 of the General Statutes is entitled "Wages," and Part I of the chapter is captioned "Minimum Wages." It is within this part that the exemption to which the defendant refers is found. Section 31-58(f) defines "employee" as "any individual employed or permitted to work by an employer." The section then lists numerous exemptions including the one cited by the defendant, "an individual employed in a bona fide executive, administrative or professional capacity. . . ."[5] The federal law mirrors this exemption. See 29 U.S.C. § 213.
However, Part I of the Connecticut wage laws only governs the law regarding the minimum wage and overtime. The victim may very well be exempt under those laws. But General Statutes §§ 31-71b and 31-71g are found in Part II of Chapter 558, entitled "General Provisions." General Statutes § 31-71 a defines "employee" for purposes of sections 31-71a
through 31-71i as "any person suffered or permitted to work by an employer." There are no exemptions for failure to pay wages. The federal law does not appear to have any counterpart to this law.
Therefore, because the victim was not exempt under General Statutes §§ 31-71b and 31-71g, the affiant properly did not include that fact in her application. The affiant did not intentionally or recklessly mislead the issuing judge. The assertion that the victim was exempt under Connecticut wage law was not only immaterial to the determination of probable cause, it was an incorrect statement of the law for purposes of General Statutes §§ 31-71b and 31-71g. As a result, the defendant's request for a Franks hearing on that ground is denied.
The defendant raises several other issues in his motion to suppress which can be disposed of relatively quickly. The arrest warrant application lists the name and address of the accused as Denise Masker d/b/a Galen Institute LLC, 1025 Silas Deane Hwy, Weths. Denise Masker is in fact the alleged victim. The defendant claims that this is more than just "technically defective" and he was wrongfully and unconstitutionally arrested." The defendant does not allege that this error was made intentionally or with a reckless disregard for the truth so as to require a Franks hearing. Also, the body of the affidavit itself makes clear that the warrant was for the arrest of James Lattanzio and that the victim was CT Page 13468-fr Denise Masker. A scrivener's error will not necessarily invalidate a warrant. See, e.g., State v. Rosario, 238 Conn. 380, 386, 680 A.2d 237
(1996) ("[the] record clearly supports the inference that the 1992 dates in the affidavit were scrivener's error and, therefore, did not undermine the magistrate's determination that probable cause existed for the issuance of the warrant"). "The validity of an arrest warrant depends upon whether the application for the warrant and the accompanying affidavit establish probable cause to believe that: (1) a crime has been committed; and (2) the person to be arrested committed that crime." Statev. Usry, 205 Conn. 298, 311, 533 A.2d 212 (1987); see General Statutes § 54-2a; Practice Book § 36-1. The defendant has offered no authority to support his conclusion that this apparent error created an unconstitutional arrest.
The defendant alleges that the affiant interfered with his arraignment by appearing and discussing the case with the prosecutor. However, he cites no authority to support this proposition.
The defendant contends that the statement in the warrant application that the victim worked 20.25 hours per week is false because the contract called for a maximum of 20 hours per week. However, as stated before, the false statement must be made knowingly or with reckless disregard for the truth, and the false statement must be necessary to a finding of probable cause. This discrepancy has no bearing on the determination of probable cause. Therefore, the defendant is not entitled to a Franks hearing on this ground.
The defendant asserts that no criminal procedure is allowed by either General Statutes § 31-71d or the regulations governing a show cause hearing. However, criminal prosecution is certainly authorized by §31-71g.
Lastly, the defendant alleges that the victim's complaint was illegal because the complaint was made on April 12, 2001, and the defendant had until midnight of that day to pay the wages or contest them. Therefore, he claims that the complaint could not have been made until April 13, 2001. However, even assuming this to be true, the Department of Labor did not contact him until April 18, 2001, and the arrest warrant was not signed until June 25, 2001. Therefore, this claim is meritless.
 III. CONCLUSION
The defendant's motion to suppress the arrest warrant application and for a Franks hearing is denied. CT Page 13468-fs
BY THE COURT,
Owens, J.